UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

CHANCE NATHANEAL STEWART,

                Plaintiff,

      v.                                  Case # 17-CV-771-FPG

MICHAEL SHEAHAN                  DECISION AND ORDER
& BLAINE SWARTZ,

                Defendants.
───────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Chance Stewart, an inmate currently confined at Auburn Correctional Facility, filed an action asserting a First Amendment claim under 42 U.S.C. § 1983. He alleged that, during his prior confinement at Southport Correctional Facility, Defendants failed to provide him religious meals for four consecutive days during the month of Ramadan in violation of his constitutional rights. Plaintiff seeks monetary damages.

Currently before the Court is Plaintiff's Second Amended Complaint (ECF No. 13), which must be reviewed for sufficiency under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons that follow, the Court concludes that Plaintiff's First Amendment claim may proceed to service against Defendant Swartz in his individual capacity. Plaintiff also moved to appoint counsel (ECF No. 14), which the Court denies without prejudice as premature.

## DISCUSSION

**I.**     **Legal Standard**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v.*

*Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court must dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). Leave to amend pleadings may be denied, however, when amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the Second Amended Complaint, the court must accept all factual allegations as true and draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). "Specific facts are not necessary" and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (noting that "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). Although the court must liberally construe *pro se* pleadings, "particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8, *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the

plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

## II. Plaintiff's Allegations

A liberal reading of the Second Amended Complaint and attached documents, reveals that, upon arriving at Southport in June 2016, Plaintiff identified himself as a practicing Muslim who was fasting in observance of Ramadan. ECF No. 13. Sgt. Babb informed the kitchen staff, including Defendant Swartz, the "Food Administrator," of Plaintiff's religious dietary needs and instructed them to provide the Ramadan meals. *Id*. at 5. Defendant Swartz failed to provide Plaintiff with Ramadan meals for four consecutive days and, ultimately, Plaintiff was forced to break his fast prematurely due to excessive hunger. *Id*. at 5, 8.

Plaintiff wrote a letter to Defendant Sheahan, dated June 15, 2016, in which he stated that he informed prison officials that he was "a Muslim observing the Ramadan fast," but that his requested Ramadan meals were not provided. *Id*. at 9. Plaintiff also submitted a grievance on June 19, 2016, which was granted in part. *Id*. at 11-12. The Central Office Review Committee acknowledged that Plaintiff was "inadvertently not placed on the Ramadan list." *Id.* at 12.

### A. First Amendment Claim

Plaintiff alleges that Superintendent Sheahan and Food Administrator Swartz's failure to provide Ramadan meals to him for four consecutive days violated his First Amendment right to the free exercise of religion.

3

The Free Exercise Clause of the First Amendment, which protects the free exercise of religion, extends to prisoners and includes their right to meals that comport with religious requirements. *Ford v. McGinnis*, 352 F.3d 582, 588, 597 (2d Cir. 2003); *see also McEachin v. McGuinnis*, 357 F.3d 197, 203-04 (2d Cir. 2004). To state a claim under the First Amendment's Free Exercise Clause, a "prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Holland v. Goord*, 758 F.3d 215, 220 (2d Cir. 2014) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006)); *see also Ford*, 352 F.3d at 592 (assuming without deciding that substantial burden requirement applies). "Courts have generally found that to deny prison inmates the provision of food that satisfies the dictates of their faith does unconstitutionally burden their free exercise rights." *McEachin*, 357 F.3d at 203.

Here, the Court finds that the Second Amended Complaint again fails to establish the individual liability of Defendant Sheahan. As the Court instructed Plaintiff in its prior order (ECF No. 12), to establish § 1983 liability against an official, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation. It is insufficient to allege that a defendant is a link in the chain of command, s*ee McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004), and the theory of *respondeat superior* is not available in a § 1983 action, *see Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Sheahan cannot be found personally involved for purposes of § 1983 liability based on his alleged receipt of and failure to respond to Plaintiff's letter. *See Haley v. Tryon*, 12 F. Supp. 3d 573, 577 (W.D.N.Y. 2014) (citing *Gayle v. Lucas*, No. 97 Civ. 0883(MGC), 1998 WL 148416, at *4 (S.D.N.Y. Mar. 30, 1998) ("[T]he allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983.")). Therefore, the claims against Sheahan are dismissed, and he is terminated from this action.

Although the remaining allegations are somewhat sparse, Plaintiff's First Amendment claim based on Food Supervisor Swartz's failure to provide Ramadan meals is sufficient, for purposes of initial review only, to proceed to service against Swartz in his individual capacity.[1]

**B.     Official Capacity Claims**

The Court concludes that Plaintiff's official capacity claims must be dismissed. The Eleventh Amendment divests the Court of subject matter jurisdiction over any claims for monetary damages against a New York State official acting in his or her official capacity unless the state has consented to the suit or waived this immunity or Congress has abrogated it. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). There has been no waiver or consent here. Therefore, Plaintiff's claims seeking money damages against the remaining Defendant in his official capacity is dismissed with prejudice.

**C.     Motion to Appoint Counsel**

In deciding whether to appoint counsel, the Court must first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the Court will then consider a number of other factors in making its determination. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). This action was only recently commenced, and Defendant has not yet responded to the allegations contained in the Second Amended Complaint. Therefore, the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of the pleadings wherein Plaintiff states the facts surrounding his

---

[1] Although Plaintiff also refers to "RLUIPA" (the Religious Land Use and Institutionalized Persons Act), which bars the government from imposing a substantial burden on a prisoner's free exercise of religion unless the challenged conduct "further[s] a compelling government interest and [is] the least restrictive means of furthering that interest," *Redd v. Wright*, 597 F.3d 532, 536 (2d Cir. 2010), the Act does not permit suits for money damages against state officers in their official capacities or permit personal capacity claims for any form of relief. *See Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014).

5

claim. At this stage, the Court lacks sufficient information to consider the relevant factors. Accordingly, the Court denies Plaintiff's request for counsel without prejudice as premature.

## **CONCLUSION**

Plaintiff's First Amendment religious discrimination claim shall proceed to service against Defendant Swartz in his personal capacity, and the remaining claims are dismissed with prejudice for the reasons stated above. The Clerk of Court is directed to terminate Defendant Sheahan as a party to this action. Plaintiff's request for the appointment of counsel (ECF No. 14) is denied without prejudice.

The Clerk of Court is directed to cause the United States Marshal Service to serve copies of the Summons, the Second Amended Complaint, and this Order upon Defendant Swartz without Plaintiff's payment with unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

The Clerk of Court will forward a copy of this Order to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office at Michael.Russo@ag.ny.gov. The Clerk will use the mailing address for non-inmate mail provided by the New York State Department of Corrections and Community Supervision's website (http://www.doccs.ny.gov/faclist.html) as needed.

Pursuant to 42 U.S.C. § 1997e(g), Defendant is directed to respond to the Second Amended Complaint upon service.

IT IS SO ORDERED.

Dated: October 29, 2018
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court