UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHANCE NATHANEAL STEWART,

                                    Plaintiff,          Case # 17-CV-771-FPG

v.                                                    DECISION AND ORDER

ANTHONY J. ANNUCCI, et al.,

                                  Defendants.

## INTRODUCTION

On August 9, 2017, *pro se* Plaintiff Chance Nathaneal Stewart brought this action against Defendants Anthony J. Annucci, Michael Sheahan, and Blaine Swartz for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983 while he was an inmate at Southport Correctional Facility. ECF No. 1. He also moved for *in forma pauperis* status. ECF No. 2. Plaintiff later filed Amended and Second Amended Complaints. ECF Nos. 10, 13.

The Court granted Plaintiff's *in forma pauperis* motion and on October 29, 2018, it screened his Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and determined that this case would proceed against Swartz only. ECF No. 15. The Court directed the United States Marshals to serve Swartz. *Id.*

Since then, the U.S. Marshals have attempted to serve Swartz twice and the summons has been returned unexecuted. ECF Nos. 17, 22. As a result, on August 19, 2019, Plaintiff filed a motion for default judgment against Swartz. ECF No. 23. For the reasons that follow, the Court denies Plaintiff's motion.

1

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the method for obtaining a default judgment. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). First, the plaintiff must secure an entry of default from the Clerk of Court, which requires a showing "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend" itself in the action brought against it. Fed. R. Civ. P. 55(a). Next, once the plaintiff has obtained an entry of default, he may seek a default judgment. Fed. R. Civ. P. 55(b).

Here, Plaintiff asks for a default judgment, but he did not first obtain an entry of default from the Clerk of Court as Rule 55(a) requires. Moreover, there is no evidence that Swartz is in default because, according to the docket, Swartz has not been served despite the U.S. Marshals' attempts to do so. Accordingly, the Court cannot enter default judgment against him. *See Dorrough v. Harbor Sec., LLC*, No. 99 CV 7589(ILG), 2002 WL 1467745, at *3 (E.D.N.Y. May 10, 2002) ("[W]here service of process has not been properly effected, the court lacks personal jurisdiction over the defaulting defendant, and a default judgment entered against him is void and must be vacated."). Thus, for all of these reasons, Plaintiff's motion must be denied.

The Court has directed the Pro Se Office to contact Michael Russo, Assistant General in Charge, Buffalo Regional Office, in an effort to serve Swartz.

## CONCLUSION

Plaintiff's Motion for Default Judgment (ECF No. 23) is DENIED.

IT IS SO ORDERED.

Dated: September 6, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court